**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **TB HOLDINGS, LLC,**       *Plaintiff*,     **v.**     **TOWN OF SAUGUS; SCOTT CRABTREE,** *in his Official Capacity as Town Manager and Individually*; **and JOHN DOES 1-10,** *as Unnamed Town Officials*,       *Defendants.* | : : : : : : : : : : : : : | **Case No. 1:25-CV-12330-JEK** |

## JOINT MOTION TO STAY PROCEEDINGS FOR 90 DAYS

The Plaintiff, TB Holdings, LLC ("TB Holdings"), and the Defendants, Town of Saugus and Scott Crabtree (collectively, the "Defendants"), respectfully request that this Court stay all proceedings in this matter for a period of 90 days through Tuesday, July 21, 2026.

## BACKGROUND

This matter involves a dispute between TB Holdings, a local real estate developer, on one hand, and the Defendants, the Town of Saugus, its Town Manager, Scott Crabtree, and various unnamed Town officials (collectively, the "Defendants") on the other, concerning a mixed-use development project that TB Holdings is developing in Saugus, Massachusetts (the "Essex Landing Project"). (*See generally*, Pl.'s Verified Complaint, Doc 1.)

By way of its Complaint, TB Holdings alleges that the Defendants interposed arbitrary roadblocks to its construction of the Essex Landing Project during the permitting process before Saugus's various boards and commissions. TB Holdings also claims that the Town, through Crabtree, demanded that TB Holdings provide a $200,000 "grant" – which was, in TB Holdings'

view at least – an illegal, off-the-record monetary exaction that Saugus demanded in order to remove the roadblocks.

Consequently, TB Holdings has asserted various causes of action against the Defendants, including: constitutional claims against the Defendants under 42 U.S.C. § 1983 (Counts I–IV); a claim that the Defendants violated the Fair Housing Act, 42 U.SC. §§ 3604, 3613, and 317 (Count V); a request for a Declaratory Judgment per 28 U.S.C. §§ 2201–2202 (Count VI); and a claim that the Defendants have not complied with Massachusetts Public Records Law, G.L. c. 66 § 10 (Count VII).

On November 20, 2025, the Defendants answered TB Holdings' Complaint, alleging that the 'grant' at issue was made voluntarily and without condition; moreover, Defendants alleged that the relevant boards and commissions – the Conservation Commission, Planning Board, and Zoning Board – are independent bodies not subject to, nor controlled by, the Town Manager or his office. The Defendants also asserted a Counterclaim for abuse of process, alleging that the Plaintiffs sought through this litigation, other related actions before the Land Court, and statements to third parties, to pressure the Town and leverage the judicial system to bypass the independent review of the above-referenced boards and commissions. (Defs.' Answer & Counterclaim, Doc 8).

TB Holdings subsequently moved to dismiss the Defendants' Counterclaim per Massachusetts Anti-SLAPP Statute, G.L. c. 231, § 59H. (Pl'.s Special Mot. to Dismiss, Doc 12.) TB Holdings' special motion to dismiss is fully briefed, was argued by undersigned counsel on April 1, 2026, and is currently pending with this Court for consideration.

At this juncture, the parties wish to apprise the Court that they are actively involved in settlement discussions that may obviate the need for the Court to hear and resolve this matter.

Accordingly, in furtherance of a potential settlement, the parties respectfully request that this matter be stayed for a period of 90 days through July 21, 2026.

## **DISCUSSION**

The parties submit that a 90-day stay of proceedings would promote efficiency and judicial economy. "The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 77 (1st Cir. 2004) ("It is apodictic that federal courts possess the inherent power to stay proceedings for prudential reasons."). However, "there must be good cause for [a stay's] issuance; [it] must be reasonable in duration; and the court must ensure that competing equities are weighed and balanced." *Marquis v. FDIC*, 965 F.2d 1148, 1155 (1st Cir. 1992).

Here, the competing interests weigh in favor of granting the parties' request for a 90-day stay of proceedings. The parties are actively engaged in settlement discussions that may obviate the need for this Court to hear and resolve this matter. Accordingly, a stay of proceedings would avoid further briefing and judicial consideration of a dispute that may no longer exist between the parties once the stay is concluded. A 90-day stay will provide time for the parties to exchange written settlement offers and/or engage in mediation, either of which may resolve the entire case without the need for the Court's intervention. As a result, there is good cause for the Court to stay all proceedings in this matter for a period of 90 days.

## CONCLUSION

For these reasons, this Court should <u>grant</u> this Joint Motion and stay proceedings 90 days through July 21, 2026. Should the parties be unable to reach a resolution, the parties propose that this litigation resume after the 90-day stay expires, with the parties to file a Joint Status Report no later than 14 days after the expiration of the 90-day stay, *i.e.*, on or before Tuesday, July 21, 2026.

Dated: April 24, 2026

Respectfully submitted,

**TB HOLDINGS, LLC**

*By their attorneys,*

<u>/s/ Michael D. Resnick</u>
Michael A. Kelly, Esq. (BBO #266820)
Michael D. Resnick, Esq. (BBO #688853)
**KSPR LAW, P.C.**
128 Dorrance Street, Suite 300
Providence, RI 02903
Tel. (401) 490-7334
Fax: (401) 490-7874
mkelly@ksprlaw.com
mresnick@ksprlaw.com

**TOWN OF SAUGUS; SCOTT CRABTREE in his Capacity as Town Manager and Individually; and JOHN DOES 1-10, as Unnamed Town Officials**

By their attorneys,

<u>/s/ Shayne Kinsella</u>
Raymond P. Ausrotas, Esq. (BBO #640315
rausrotas@arrowoodllp.com
Shayne Kinsella, Esq. (BBO# 713287)
skinsella@arrowoodllp.com
ARROWOOD LLP
One Bowdoin Square, Suite 300
Boston, MA 02114
(617) 849-6200 Tel/(617) 849-6201 Fax

4

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 24, 2026, a copy of the foregoing *Joint Statement* was filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record. The document is available for viewing and downloading from the ECF system.

Raymond P. Ausrotas, Esq.
rausrotas@arrowoodllp.com
Shayne Kinsella, Esq.
skinsella@arrowoodllp.com
ARROWOOD LLP
One Bowdoin Square, Suite 300
Boston, MA 02114

*/s/ Michael D. Resnick*
Michael D. Resnick, Esq. (BBO #688853)